By the Court. Sandford, J.
In this case, the judgment upon a default of the defendants below, was taken for §91 50, damages, on a summons which required them to answer to the plaintiffs in a plea or complaint for goods sold and delivered and for rent, to their damage of fifty dollars.
The act creating the marine court, (2 R. L. 383, § 113,) prescribes the form of the summons to be issued out of that court; and among other things, it is to contain the nature or cause of action, and the sum demanded. The insertion of the amount of damages, therefore, was not a mere form, which might be observed or disregarded, without prejudice to the rights of the parties. As the statute required it, the defendants were at liberty to rely upon the statement as being truly made. If they had no defence to the claim thus made, it was unnecessary for *228 them to attend the court, either to make a show of defence or to confess the action.
In courts of record, the plaintiff could not take judgment upon a verdict, much less upon a default, for a greater sum than that stated in his declaration. The reason is much stronger for restricting him to the damages claimed in this process, where the statute makes it incumbent on him to set forth the sum demanded.
it does not relieve the plaintiff, to show that the error arose from the inadvertence of the clerk of the court below. The defendants relied on the process, and it makes no difference how the mistake occurred, so long as it is not pretended that they knew it was a mistake.
The judgment below was, on this ground, clearly erroneous.
It is claimed nevertheless, that the merits being wholly with the plaintiffs, this court, in giving “ judgment according to the justice of the case, without regard to technical errors or defects which do not affect the merits,” (Code of Procedure, § 317;) should affirm the judgment.
, The difficulty is that we cannot know what are the merits of the case beyond the $50.
The defendants have had no opportunity to be heard in thendefence, as to the surplus beyond that sum. The testimony before the court below, was sufficient to establish the plaintiffs demand for the account recovered, unless it could be controverted ; but we cannot know, on this record, whether there was a defence or not. We can see "that there was none to the extent of fifty dollars; beyond that, we have no legal information on the subject.
An objection to the entire appeal, is taken on the ground that the affidavit on which it was founded, omits to set forth the substance of the testimony in the court below, as is required by section 303 of the code.
This objection should have been taken by a motion to dismiss the appeal; and not upon the argument of the cause. We think also, it is unfounded. Where the appellant relies upon any point arising upon the testimony below, he must undoubtedly set forth its substance. But where his whole reliance is *229 upon an error which does not grow out of the testimony, and which no possible state of the evidence below could remedy, it cannot be necessary for him, in addition to such point, to set forth the evidence which was given. The statute, in its true construction, requires the appellant to state the substance of the proceedings, where the alleged error consists in them; and of the testimony, when the latter bears upon the question sought to be presented to the appellate court. It does not require both, when the error is founded solely upon the one or the other.
We were at first inclined to direct a new trial, on payment of costs'; but it would be necessary to amend the summons and allow the defendants to plead, before a trial could be had; and upon the whole, we think it better for the plaintiffs to begin anew.
Judgment reversed.