### Nye and others v. Ayres.

In an action for the recovery of freight, the defendant cannot claim by way of recoupment, the amount of a premium of insurance paid by him, which insurance was effected by reason of a *deviation* of the ship on her voyage, the goods having arrived safely and been duly delivered, and no claim of unreasonable delay being made.

In an action for freight from Boston to New York, the defendant claimed to set off or recoup the premium paid by him, for an additional insurance effected in consequence of the vessel having been taken to Piermont, before landing here.  *Held,* that proof of general usage was admissible, to show that a vessel, bound from

Nye v. Ayres.

Boston, may first go to Piermont to land her deck load, before delivering her cargo at New York. *Per* INGRAHAM, FIRST J.

If the vessel, without the defendant's knowledge, had arrived in New York on the day the additional insurance—in consequence of her having gone to Piermont—was made; the premium could not be recovered from the owners, for the additional reason, that the insurance companies, having suffered no risk, would not be entitled to such premium from the defendant. *Per* INGRAHAM, FIRST J.

An objection to the regularity of the notice of appeal from the district or justices' courts, will not be considered by this court on the argument of the appeal. The remedy for an irregularity in that respect, is by motion, upon proper notice to the appellant, to dismiss the appeal.

THIS was an action in the first district court, brought by the owners of a vessel, for freight from Boston to New York. The defendant, in the court below, was permitted to set off and claim by way of recoupment, premiums paid by him to effect a further insurance upon his goods, in consequence of an alleged wrongful deviation in the voyage, by taking the vessel to Piermont before landing here. It appears, however, that without the defendant's knowledge, the vessel was at New York, on the day the additional insurance was effected.

It was in evidence, that such vessels, bound from Boston to New York, usually proceeded to land a deck load at Piermont, before discharging their cargoes here. The goods were received by the defendant without objection. The judgment in the court below, was for the plaintiffs, with a deduction from their demand, of the premiums referred to. They then brought this appeal.

BY THE COURT. INGRAHAM, FIRST J. — The respondent in this case, as a preliminary objection to hearing the appeal, asks to have the same dismissed, on the ground that the notice of appeal is defective.

We do not examine such objections on the hearing of the appeal. If the notice of appeal was irregular, the remedy was by a motion to dismiss the appeal on notice to the appellant, so that he might be heard in opposition thereto. (2 Sandf. Rep. 227.

All the cases referred to by the respondent, were upon such a motion.

The facts in this case are all admitted, so as to rest the decision of it merely upon the law applicable thereto.

It is a matter of no moment, so far as performance of the contract is involved, whether going to Piermont was or was not a deviation from the voyage. The goods were delivered at New York in good order, and accepted by the defendant. He can claim no damage on that ground.

The only question on the merits is, whether the defendant was entitled to a credit of the sum paid by him for insurance.

There can be no doubt, that the plaintiffs, having delivered the goods at the port of delivery, and the same having been received by the defendant without objection, had earned the freight agreed upon.

It is admitted, that the vessel was at New York on the day the insurance was made, but that the defendant had no knowlege thereof. If the goods had arrived, there was no risk incurred by the insurer, and consequently the premium was unnecessarily paid, and might be recovered back from the insurer. From the character of the admission, we understand such to have been the case. If so, the insurance was improperly allowed. I think, also, the usage was properly admitted. In such contracts, general usage is admissible to explain the extent of the liability of the parties.

By the admission, it appears to be a general custom for vessels from Boston, to take a deck load for Piermont, and discharge there before delivering the cargo at New York. If so, then the defendant had no right to complain that such usage was followed in this case. For either reason above stated, the insurance paid by the defendant was improperly allowed. If the vessel had arrived when the insurance was effected, or if the usage allowed of landing first at Piermont, then there was no ground upon which the plaintiff could be charged with the insurance, as claimed by the defendant; and an examination of the other points suggested in the argument, is not necessary to the decision of this case.

Nye v. Ayres.

I think the judgment should be for the amount of freight; and as the facts are all admitted, we can order such judgment to be rendered on this appeal.

WOODRUFF, J.—Without expressing any dissent from the views of the first judge on the point whether the usage in question was admissible in evidence, I concur in the result to which he has arrived upon the ground that even if we should deem the evidence to establish a *deviation* by the plaintiffs, the damages which the justice allowed as an abatement from the plaintiffs' claim for freight were not allowable. They were not, I think, of such a character as could have been allowed to the defendant, had he brought his action for damages for the alleged deviation, and therefore they were not the subject of recoupment. They are not at all the immediate and direct result of the alleged wrongful deviation. Had the goods never been delivered at all, the premium of insurance now in question could not have been taken into view, in ascertaining the amount of the defendant's loss, as a ground for enhancing the damages. This premium could not have been added to the value of the goods. The plaintiffs became, by their agreement to carry, responsible to the whole extent of the value of the goods, and to no greater amount. The defendant, by entering into other *collateral* agreements, by way of *further assurance* to himself that the goods should arrive safely, could not, I think, enlarge the plaintiffs' responsibility. And the goods having been, in fact, safely delivered, and no damage being shown to have resulted from delay in the delivery, I think the plaintiffs were entitled to the full amount of their freight.

Judgment accordingly.